Michael **GAYDA** and Gertrude, his wife, **Individually and as parents and natural guardians of Peggy Jean Gayda, a minor, Appellants,**

v.

**NEW AMSTERDAM CASUALTY COMPANY.**

**No. 17657.**

United States Court of Appeals Third Circuit.

Argued June 10, 1969.

Decided July 23, 1969.

George J. O'Neill, Richter, Lord, Toll, McCarty & Raynes, Philadelphia, Pa., for appellants.

William B. Freilich, LaBrum & Doak, Philadelphia, Pa. (James M. Marsh, Philadelphia, Pa., on the brief), for appellee.

Before STALEY, FREEDMAN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

STALEY, Circuit Judge.

This appeal questions the propriety of the dismissal of a civil action below pursuant to Local Rule 18(a) of the District Court for the Eastern District of Pennsylvania.

Acting in their individual capacities and as parents and guardians of their minor daughter, Peggy Jean Gayda, appellants herein, Michael and Gertrude Gayda, filed suit in 1961 in the district court against the New Amsterdam Casualty Company (hereinafter "Company"). They averred in their complaint that the Company was the insurer of Lit Brothers, Inc. (hereinafter "Lit Brothers"), a Philadelphia department store, and that the Company's failure to carefully inspect Lit Brothers' escalator and notify business guests of defects therein caused their daughter to suffer permanent injuries. A pre-trial conference was held before District Judge (now Circuit Judge) Van Dusen in December of 1964, and as part of the pre-trial report, Judge Van Dusen ordered the trial of the district court action stayed until appellants tried a case which they had brought against Lit Brothers in the state courts. Unfortunately, the Clerk of the District Court did not make a notation of this stay order on the docket entry sheet attached to the front of the case file. Consequently, on October 17, 1968, the Clerk notified the attorneys of record that the diversity action would be dismissed under Local Rule 18(a) unless they acted in compliance with the rule within thirty days of the receipt of the notice. Local Rule 18(a) provides:

"Whenever in any civil action the Clerk shall ascertain that no proceeding has been docketed therein for a period of more than two successive years immediately preceding such as-

certainment, the Clerk shall send notice to counsel of record or, if none, to the parties, that unless the Court, upon written application filed within thirty (30) days from the receipt of such notice and upon good cause shown shall otherwise order, the action shall be dismissed. In the absence of such application to or order by the Court, the Clerk shall, without special order, enter upon the record 'dismissed, without prejudice under Rule 18', and shall, upon application by defendant, tax the costs against the plaintiff."

On October 22, 1968, appellants filed a "Motion To Prevent Dismissal Of Action," stating therein that Judge Van Dusen, in his pre-trial report, had ordered the district court action stayed until termination of appellants' state action against Lit Brothers. They further averred that their state action was still pending. The next document that we find in the record is an order of the district court dismissing appellants' action under Local Rule 18(a).

Neither side to this appeal saw fit to file a transcript of what occurred in the district court at the argument of appellants' motion. In response to our questions at oral argument we learned that the motion was unopposed, but not joined in, by appellee. We were also informed that appellants' appellate counsel did not argue on behalf of appellants' motion in the district court; instead, he sent over a young associate from his law firm who was apparently less than adequately instructed as to how the motion should be argued. Appellee's appellate counsel, who was present at the argu-

ment in the district court, stated that the associate informed the court that the action against Lit Brothers had been tried in the state court in June, 1968, but that it had resulted in a mistrial. Neither side was able to inform the district court when the state action would be retried, and counsel for appellee asserts that the associate took the position before the district court that Judge Van Dusen's pre-trial stay order had to remain in effect until the conclusion of the state action, no matter how long it might take. If this was in fact the associate's position, it is perhaps not surprising that the district court's dismissal order soon followed.

But whatever may have transpired before the district court, it is our view that Local Rule 18(a) is inapplicable to the facts of this case. By the very terms of Judge Van Dusen's order, the parties were enjoined from proceeding in this matter until after the trial of the state action. Had this fact been noted on the docket entry sheet, we have no doubt that the Clerk would have refrained from sending the Rule 18(a) notice. Appellee's contention that the Clerk's notice acted as a rescission of the district court's stay order is clearly untenable. Minimum standards of due process, let alone respect for the orders of district judges, dictate that if an outstanding order is to be vacated, overruled or modified, it must be done by the same or another judge.

Even if we were to accept the somewhat strained position that the stay order was self-terminating upon completion of the trial, or more correctly, mistrial in the state courts,[1] appellants'

---

1. We think this position an extreme one because the evident purpose of the stay order was to avoid, if possible, having this case tried in the Federal courts. If appellants succeed in obtaining a final judgment against Lit Brothers in the state courts they will be estopped from suing the Company because they cannot be permitted to recover twice for the same injury. To force appellants to try their case in the Federal courts, even after the state court mistrial, would seem an unwise procedure, since the matter could still be finally determined in the state courts. When there is a choice between having a case remain untried on the district court docket for a substantial period of time and having a district judge spend a week or two of his valuable time sitting on a case that possibly need never be tried, it seems the former would be preferable.

grace period of dormancy under Local Rule 18(a) would not have begun to run until June, 1968. Strictly applying the rule, therefore, the Clerk, even arguably, could not have subjected the instant action to dismissal until two years later, June of 1970.

Accordingly, the order of the district court will be reversed.